ORDER
PER CURIAM.
[1] This matter is before this Court on the Petition for Extraordinary Writ filed by the Plaintiffs/Petitioners on June 1, 2010. This Court set the matter for oral argument which was heard on July 2, 2010. Both sides appeared and were represented.
[2] All applications to this Court for Extraordinary Writs are governed by Rule 35 of the Hopi Indian Rules of Civil and Criminal Procedures (HIRCCP). Under Rule 35 extraordinary writs may be granted in limited circumstances, including requiring an inferior tribunal to perform a legal duty, only where there exists “no other plain, speedy, and adequate remedy.... ” The basis for the Petitioners asserted claim for extraordinary writ was that, after filing their Complaint with the Tribal Court on or about March 1, 2010, they filed on or about March 4, 2010 a Motion for Preliminary Injunction which they later renewed on April 26, 2010. While then Chief Judge Gloria Kindig assigned the case to then Judge Pro Tern William McCully by Order dated March 16, 2010, this Court takes judicial notice of the fact that the appointments of both former Chief Judge Gloria Kindig and former Judge Pro Tem William McCully expired sometime in late March or early May respectively. The basis of the Plaintiffs/Petitioners claim to extraordinary relief is that “the Hopi Tribal Court has failed to set a hearing on Plaintiffs’ Motion for Preliminary Injunction.” Petition for Extraordinary Relief, p. 3. This Court also takes judicial notice of the fact that also pending before the Tribal Court in this matter is a Motion to Dismiss filed by the Defendants/Respondents based on lack of jurisdiction and failure to state a claim due to sovereign immunity, political questions, and laches.
[3] Normally, the scheduling of hearings and the management of cases is in the sound discretion of the Tribal Court and does not involve a “legal duty” of the type enforced under HIRCCP, Rule 35. Sipaulovi Village Board of Directors v. Numkena, No. 2010-AP-0004, 10 Am. Tribal Law 340, 2010 WL 8973334 (decided July 14, 2010). In this matter, however, the Plaintiffs/Petitioners correctly note that HIRCCP Rule 34(b) expressly provides that any “motion for a preliminary injunction shall be set dawn for heanng at the earliest possible time and takes precedence of all matters except older matters[s] of the same character.... ” (Em *343 phasis supplied). In the view of this Court, this language in Rule 34(b) establishes a legal duty regarding the scheduling of consideration of motions for preliminary injunctions of the type filed by the Plaintiffs/Petitioners on March 4, 2010 and April 26, 2010. In normal circumstances, therefore, the failure of the Tribal Court to expeditiously set a hearing on the pending motions and, in particular, the Motions for Preliminary Injunctions would constitute a failure to perform a legal duty.
[4] As counsel for the Plaintiffs/Petitioners conceded at oral argument, however, this case does not arise in normal circumstances since the basic failure to schedule any hearing on the pending motions arises from the fact that former Chief Judge Kindig*s appointment expired in late March and no successor has been appointed and confirmed and because the appointment of the judge to which the case was formally assigned, former Judge Pro Tem William McCully, has also expired. More significantly, HIRCCP Rule 15(a) expressly provides that “[t]he Chief Judge shall determine which judge shall hear a ease.... ” This rule is also phrased in mandatory terms and imposes the duty of case assignment solely on the Chief Judge.[2] The extraordinary relief sought by the Petitioner for Extraordinary Relief in this case requests that this Court usurp the duties of Chief Judge by either ordering a hearing before the Tribal Court without assignment under Rule 15(a) or by assigning one of its members to hear the pending motions. As a result of Rule 15(a), this Court lacks authority to involuntarily order either alternative in the factual context of this proceeding. To do so would be to usurp the powers of the Chief Judge under Hopi law.
[5] Nevertheless, recognizing that the continuing vacancy in the position of Chief Judge interferes with the legal duty of the Tribal Court under HIRCCP Rule 34(a) to set any motion for preliminary injunction for a prompt and expeditious hearing and in the course of that consideration to also hear the pending Motion to Dismiss, this Court, while recognizing that it cannot involuntarily order the requested relief, is prepared to offer the parties a voluntary solution to the current procedural impasse. If both parties are prepared to waive in writing the assignment requirements of HIRCCP Rule 15(a) and to waive in writing any objections to Associate Justice Pat Sekaquaptewa hearing the pending Motions for Preliminary Injunction and Motion to Dismiss, this Court is prepared, pursuant to such agreement, to appoint Associate Justice Patricia Sekaquaptewa solely for purposes of hearing the pending motions in this matter. If so appointed, Justice Sekaquaptewa will take no further role in any appeals arising from this case. As both parties are aware, Associate Justice Pat Sekaquaptewa voluntarily recused herself from participating in this matter. Attached to this Order is a brief statement of the reasons Justice Sekaquaptewa voluntarily recused herself from participation in this matter, which the parties can consider to determine whether they are willing to waive any objections to having her hear the pending motions in this matter.
[6] Any party willing to waive the assignment requirements of HIRCCP Rule 15(a) and to waive any objections to Asso- *344 date Justice Pat Sekaquaptewa hearing the pending Motions for Preliminary Injunction and Motion to Dismiss shall so indicate within seven (7) business days of the date of this Order by filing a captioned, signed filing with the Clerk of this Court and by serving that document on all other parties. If all parties file such signed papers within the time frame indicated, Associate Justice Pat Sekaquaptewa will be appointed by agreement solely for the purpose of hearing the pending motions in this matter. Should any of the parties fail to file such documents with the Clerk of Court, the Petition for Extraordinary Writ will be denied and this matter, including all pending motions, will be stayed in the Hopi Tribal Court pending the appointment of a Chief Judge who can either deeide the matter or assign it to an appropriate judge.
IT IS SO ORDERED.
ATTACHMENT
APPELLATE JUSTICES
Hon. Frederick Lomayesva, Chief Justice
Hon. Patricia Sekaquaptewa, Associate Justice
Hon. Robert Clinton, Associate Justice
CHIEF JUDGE
ASSOCIATE JUDGES
Hon. Delfred Leslie
CHILDREN’S COURT JUDGE
Hon. Darlene Lucario-Nuvamsa
[[Image here]]
HOPI APPELLATE COURT
P.O. BOX 156
REAMS CANYON, ARIZONA 86034
TELEPHONE (928) 738.5171
FAX-ADMIN. (928) 738-5561
COURT (928) 738-5589
Dear Chief Justice Lomayesva,
I am writing regarding the case of Masay-esva et al. v. Kykotsmovi Village, et al., 2010-AP-0003. I have voluntarily recused myself from hearing the Petition for Extraordinary Writ in this matter. Sometime after the November 10, 2009 Kykot-smovi Village Election, and well before my appointment to the Hopi Appellate Court, I was contacted by Plaintiff Rebekah Ma-sayesva’s husband, former Chairman Vernon Masayesva, who requested counsel and a referral regarding Plaintiffs recourse going forward. I shared some of my understanding of Hopi Appellate Court jurisdictional case law and referred him to an attorney who might take their case. I did not at any time represent the Plaintiff or her husband. While I feel that I could fairly judge the matter, I would require the agreement of both parties before proceeding to judge this case given the delicate political nature of the case and in the interest of promoting maximum transparency and fairness.
*345 Sincerely,
/s/ Pat Sekaquaptewa
Patricia Sekaquaptewa
Associate Justice, Hopi Appellate Court

. Recognizing importance of the Chief Judge to the assignment of cases under HIRCCP Rule 15(a), this Court has will contact the Hopi Chairman and Hopi Tribal Council urging them to fill the vacant position of Chief Judge as soon as possible to avoid further interferences with the administration of justice and to fully protect the rights of all parties.